Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

*Attorneys for Plaintiff, and all other similarly situated*

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Licea, individually and on behalf of all others similarly situated, | Case No. **'23CV0726 L    JLB** |
| | **CLASS ACTION** |
| Plaintiff, | |
| | **COMPLAINT FOR VIOLATIONS OF:** |
| v. | |
| ESTÉE LAUDER INC., ELC ONLINE INC., and DOES 1 to 10, inclusive, | **(1) THE WIRETAP ACT, 18 U.S.C. §§ 2510 *et. seq.*;**<br>**(2) CALIFORNIA PENAL CODE § 631;**<br>**(3) CALIFORNIA PENAL CODE § 632; AND**<br>**(4) CAL. BUS. & PROF. CODE §§ 17200, *et seq.*** |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

COMPLAINT

1.      Plaintiff Jose Licea ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of ESTÉE LAUDER INC. and ELC ONLINE INC. (collectively, "ELC"), their related entities, subsidiaries, and agents in knowingly, and/or willfully employing and/or causing to be employed certain recording equipment in order to record electronic conversation/s with Plaintiff without the knowledge or consent of Plaintiff, in violation of the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*, (the "Wiretap Act") and California Penal Code §§ 630 *et seq*., thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.      ELC privately records the conversations of everyone who communicates through the chat feature at https://www. esteelauder.com/. ELC reaps the benefits of secretly recording user's private conversations without obtaining prior consent. Secretly recording chat conversations has become an industry standard as companies use the data gleaned from such conversations to identify patterns among users' needs, provide this information to third parties, and use this information to create targeted marketing and increase sales at the expense of recording the private communications of unsuspecting users.[1] In an April 2019 article titled *Conversations with customers are an untapped data goldmine for businesses*, an expert consulting firm notes how live chat features accomplishes the same goal as a traditional phone call: "all the information a customer is giving you directly [is] from their own (digital) mouths."[2] The article notes that these conversations are "a treasure trove of conversational data — chat history and context — that businesses can begin to use and gain . . . It's the juiciest of low-hanging fruit . . . The opportunities unlocked with

---

[1] *See* https://www.shopify.com/blog/live-chat-customer-service (last visited on January 12, 2023).
[2] Warren Levitan, CONVERSATIONS WITH CUSTOMERS ARE AN UNTAPPED DATA GOLDMINE FOR BUSINESSES, The Next Web (April 14, 2019).

this type of conversational data pool are endless."

3.      Researchers from the University of North Carolina at Chapel Hill have described how companies can take advantage of the conversation which occur over the live chat feature. "Online live chat, as an Internet service, allows website visitors to initiate online communications with a customer service representative in real time."[3] The research notes that customers "are more likely to provide their information because there is a human conversation taking place." Accordingly, the research found that conversations over a website's live chat feature is the technological equivalent of a phone call. The researchers noted, "live chat data contains not only customer persona's information, but also the written log of conversations between customers and business representatives. The large amount of chat log data enables businesses to implement a series of customer-oriented technology solutions. By analyzing large amounts of chat data, businesses will be able to better understand customers' concerns. Thus, they can make corresponding changes to improve their corporate website or even business strategies, target marketing and sales lead more efficiently, and gain insight into their business challenges." Live chats have two components: a customer's personal information and the "chat transcripts which are the conversations between the customers and customer service representatives."

## THE PRIVACY STATUTES AT ISSUE

4.      The Federal Legislature passed the Wiretap Act to protect the privacy of the people of the United States. The Wiretap Act is clear in its prohibition against intentional unauthorized taping or interception of any wire, oral, or electronic communication. In addition to other relevant sections, the Wire Tap Act states that any person who; "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic

---

[3] Qiongcheng Xu. Data Mining and Visualization on Live Chat Data for Ecommerce Business. A Master's paper for the M.S. in I.S. degree. April 2016.

communication" has violated the act. 18 U.S.C. §2511. The only intent required by the Wiretap Act is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break the law, or to invade the privacy right of any other person. Plaintiff alleges that ELC continues to violate 18 U.S.C. § 2510, *et seq.*, by impermissibly recording its electronic conversations with United States residents via the chat feature on ELC's website.

5.     The California Invasion of Privacy Act ("CIPA") gives victims of wiretapping and eavesdropping the ability to bring a civil suit against the person or company that illegally recorded the conversation. *See* Cal Pen. Code § 637.2. CIPA includes Penal Code § 631(a) which prohibits anyone (1) that "by means of any machine, instrument, contrivance, or in any other manner" intentionally taps or makes any unauthorized connection with any "telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) who "reads, or attempts to read, or to learn the contents" of a communication "without the consent of all parties to the communication," or (3) who "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section." The only intent required by the California Penal Code § 631 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break the law, or to invade the privacy right of any other person. Plaintiff alleges that ELC continues to violate California Penal Code § 631 by impermissibly recording its electronic conversations with California residents via the chat feature on ELC's website and upon information and belief allows, aids, and abets a third party to intercept and eavesdrop on the electronic conversations. Penal Code "§ 631(a) applies to internet communications." *Byars v.*

*Tire*, No. 5:22-cv-01358-SSS-KKx, 2023 U.S. Dist. LEXIS 22337, at *11 (C.D. Cal. Feb. 3, 2023) (following *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 U.S. App. LEXIS 14951, at *3 (9th Cir. May 31, 2022)).

6.     CIPA also includes California Penal Code § 632 which prohibits one party to a communication from intentionally recording the conversation without the knowledge or consent of the other.  Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed.  The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally.  There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy right of any other person.   Plaintiff alleges that despite California's two-party consent rule, ELC continues to violate Penal Code § 632 by impermissibly recording its electronic conversations with California residents.

7.     The California Supreme Court has emphasized that all CIPA provisions are to be interpreted in light of the broad privacy-protecting statutory purposes of CIPA. *Ribas v. Clark*, 38 Cal. 3d 355, 359-61 (1985); *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 199 (2021).

## JURISDICTION AND VENUE

8.     This Court has personal jurisdiction over ELC because they conduct and transact business in the State of California, contracts to supply goods within the State of California, and supplies goods within the State of California. ELC sells its products directly in at least 13 retail stores in San Diego County. ESTÉE LAUDER INC. and ELC ONLINE INC. are listed as an "active" corporation on the California Secretary of State website and maintains California registered agents in California. ELC conduct and are currently conducting substantial business within the State of California, have purposely availed itself of the benefits and protections of the State of California, and have sufficient contact with this State such that maintenance of this action in this locale is consistent with traditional notions of fair play and

substantial justice. For example, ELC collects substantial revenue from selling their beauty products to California consumers. Personal jurisdiction is present, and this Court has jurisdiction.

9.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is at least minimal diversity because at least one Plaintiff and Defendants are citizens of different states. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331 because this case arises in part out of the Wiretap Act, a federal law.

10.      Pursuant to 28 U.S.C. Section 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District: Plaintiff is a citizen of California who resides in this District; Defendant conducted a substantial portion of the unlawful activity in this District; and Defendant conducts business in this District.

## PARTIES

11.      Plaintiff Jose Licea is, and at all times mentioned herein was, a citizen and resident of the State of California, County of San Diego and resided in La Mesa, CA.

12.      Defendant ESTÉE LAUDER INC. is a Delaware corporation with its headquarters in New York and does business and affects commerce within the state of California and with California residents.

13.      Defendant ELC ONLINE INC. is a Delaware corporation with its headquarters in New York and does business and affects commerce within the state of California and with California residents.

14.      The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are

currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

15.    Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

**FACTUAL ALLEGATIONS**

16.    On or about August 2022, Plaintiff accessed ELC's website, www.esteelauder.com, from his cellular telephone and used the live chat function on the website to communicate and ask questions about ELC's services from a customer representative.

17.    Plaintiff was not advised that the communication was recorded, stored, and/or monitored.

18.    Defendants recorded, stored, and/or monitored the communication.

19.    The contents of the conversations between Defendants and Plaintiff that were recorded by Defendants were confidential in nature.

20.    Additionally, Defendants allowed, aided, and/or abetted a third party to intercept and eavesdrop on the conversations.

21.    It is Defendant's practice to record all communications that occur on its website, use the recorded conversations. Defendant does so intentionally, as it purchased and utilized recording software to record the chat feature conversation with consumers who communicate with its customer service representatives via the chat feature on ELC's website.  The recording of a confidential conversation is intentional "if the person using the recording equipment does so with the purpose or desire of recording a confidential conversation, or with the knowledge to a substantial

6

certainty that his use of the equipment will result in the recordation of a confidential conversation." *People v. Super. Ct.* (*Smith*), 70 Cal. 2d 123, 134 (1969).  It is facially implausible for Defendants to have *unintentionally* recorded Plaintiff's chats, as well as the chats with other consumers, after having purchased and implemented software to do so.

22.    The contents of the conversations between Defendants and Plaintiff that were recorded by ELC were confidential in nature.

23.    As the California Supreme Court has held, California clearly has an interest in protecting the privacy of conversations of California residents while they are in California.  *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 104 (2006). A conversation is confidential where a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded. *Flanagan v. Flanagan*, 27 Cal. 4th 766, 775 (2002).  California consumers are accustomed to being informed at the outset of a conversation whenever a business entity intends to record the conversation in the absence of such an advisement, a California consumer reasonably would anticipate that such a conversation is not being recorded, "particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls." *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 118 fn. 10 (2006).

24.    Plaintiff, and other members of the Class had a reasonable expectation of privacy concerning that their live chat conversations with Defendants because 1) they were speaking to a business entity via a private communication, 2) business entities, as the California Supreme Court held, are required to dispel reasonable expectations of privacy as to such conversations are not being recorded by providing a conspicuous recording advisory at the outset of the calls if they plan to record said conversations, 3) Defendants failed to so advise Plaintiff and other Class Members, and 4) these conversations were customer service conversations, which involve

communications of a nature that a reasonable consumer has come to expect are not being recorded unless so told they were not being recorded.

25.     Defendants received Plaintiff's conversations by communicating with Plaintiff over ELC's live chat feature, which the California Supreme Court has observed is sufficient under the requirement of interception or receipt of a recorded conversation. *See Smith v. LoanMe, Inc*., 11 Cal.5th 183 (2021).  Defendants utilized the requisite technology under Penal Code § 632.7 to carry out such conversations with Plaintiff, i.e. such communication was carried out by Defendant by using a landline, cordless or cellular telephone or their technological equivalent which utilized telecommunications technology to communicate telephonically with consumers, including Plaintiff.

26.     At no point did Plaintiff have a reasonable expectation that any of the conversations with ELC were being recorded because at no time did ELC inform Plaintiff that it was recording their conversations.  Had Plaintiff known that the conversations were being recorded by ELC, Plaintiff would have conducted himself differently.

27.     It is ELC's pattern and practice to record conversations via its website chat feature made available to California residents.  ELC does not inform, or warn California residents, including Plaintiff, that the conversations may be or will be recorded.  Plaintiff was unaware that the conversations made to ELC in California were recorded.  There was no pre-conversation notice that the conversations were being recorded.   ELC's representatives never informed Plaintiff that the conversations via the chat feature on ELC's website were being recorded.

28.     Plaintiff did not learn that ELC recorded the conversations until after the recording had already been made. Defendants failed to provide Plaintiff with a recording advisory at the outset of the recorded conversation (like numerous other companies provide including ELC's competitors), as required by the California

Supreme Court and as expected by California consumers when carrying on private conversations with businesses.

29.     Plaintiff did not discover and could not discover through the exercise of reasonable diligence, the fact that ELC was recording the conversations between Plaintiff and members of the Class and ELC without their knowledge or consent.

30.     ELC concealed from Plaintiff and members of the Class that it was recording the conversations between itself on the one hand and Plaintiff or other members of the Class on the other hand.

31.     ELC concealed the fact that it was recording the afore-mentioned conversations to create the false impression in the minds of Plaintiff and members of the Class that they were not being recorded.  At the outset of the conversations there was no warning that they were, or even may, be recorded.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23 individually and on behalf of and all others similarly situated as members of the proposed class (hereinafter "the Nationwide Class") defined as follows:

> All persons in the United States whose inbound and outbound conversations via the chat feature on www.esteelauder.com were intercepted by Defendants or their agents within the applicable statute of limitations through the date notice is provided to the Nationwide Class.

33.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23 individually and on behalf of and all others similarly situated as members of the proposed class (hereinafter "the California Class," and with the Nationwide Class, "the Classes") defined as follows:

> All persons in California whose inbound and outbound conversations via the chat feature on www.esteelauder.com were recorded without their consent by Defendants or its

agent/s within the one year prior to the filing of this action through the date notice is provided to the California Class.

34.     Defendants and their employees or agents and the Judge presiding over this matter and their staff are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes members of the Classes number in the thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

35.     Plaintiff and members of the Classes were harmed by the acts of ELC in at least the following ways: ELC, either directly or through its agents, illegally recorded inbound and outbound conversations via the chat feature on ELC's website without their consent within the one year prior to the filing of the original Complaint in this action.  Plaintiff and members of the Classes were damaged thereby.

36.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand definition of the Classes to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

37.     The joinder of members of the Classes is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Classes can be identified through ELC's or their agents' records.

38.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Classes predominate over questions which may affect individual member of the Classes, including the following:

a.     Whether Defendants have a policy of recording incoming and/or outgoing conversations via the chat feature on Defendant's website;

b.      Whether Defendants have a practice of recording incoming and/or outgoing conversations via the chat feature on Defendant's website;

c.      Whether Defendants disclose and/or obtain consent from members of the Classes that their incoming and/or outgoing conversations via the chat feature on Defendants' website were being recorded;

d.      Whether Defendant's policy or practice of intercepting the electronic communications of members of the Classes constitutes a violation of 18 U.S.C. §2520;

e.      Whether Defendants' policy or practice of recording incoming and/or outgoing conversations via the chat feature on Defendants' website constituted a violation of California Penal Code §§ 631, 632(a), and 637;

f.      Whether Plaintiff, and the Class were damaged thereby, and the extent of damages for such violations; and

g.      Whether Defendant should be enjoined from engaging in such conduct in the future.

39.      As an individual whose conversations via the chat feature on ELC's website with ELC were intercepted and recorded without notice or consent, Plaintiff is asserting claims that are typical of the Classes because every other member of the Classes, like Plaintiff, was exposed to virtually identical conduct and is entitled to the greater of statutory damages.

40.      Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes.

41.      Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the ELC's unlawful and wrongful conduct.  Absent a class action,

the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and ELC will likely continue such illegal conduct.  Because of the size of the individual members of the Classes' claims, few, if any, members of the Classes could afford to seek legal redress for the wrongs complained of herein.

42.    Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

43.    A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce ELC to comply with California and federal law.  The interest of members of the Classes in individually controlling the prosecution of separate claims against ELC is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

44.    ELC has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE WIRETAP ACT, 18 U.S.C. §§ 2510, *ET. SEQ*.

### (BY PLAINTIFF AND MEMBERS OF THE NATIONWIDE CLASS)

45.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.    The Wiretap Act, as amended by the Electronic Communications and Privacy Act of 1986, prohibits the intentional interception of any wire or electronic communication. Under 18 U.S.C. § 2520(a) there is a private right of action to any person whose wire, oral, or electronic communication is intercepted.

47.    Plaintiff and Nationwide Class Members are persons whose electronic communications were intercepted by Defendant.

48.     Defendant intercepted Plaintiff's and Nationwide Class members' electronic communications without consent when Plaintiff and Nationwide Class Members had conversations via the chat feature with Defendant or its Agent/s on its website.

49.     Plaintiff and Nationwide Class Members were unaware that ELC or its Agent's was intercepting their electronic communications and tracking their communications and interactions. ELC intentionally utilized technology as a means of intercepting and acquiring the contents of Plaintiff's and Nationwide Class Members' electronic communications, in violation of 18 U.S.C. § 2511.

50.     As such, Plaintiff and Nationwide Class members are entitled to preliminary, equitable, and declaratory relief, in addition to statutory damages of the greater of $10,000 or $100 per day for each violation, actual damages, punitive damages, and reasonable attorneys' fees and costs under 18 U.S.C. § 2520.

### SECOND CAUSE OF ACTION

**INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 631**

**(BY PLAINTIFF AND MEMBERS OF THE CALIFORNIA CLASS)**

51.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52.     Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632.  "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy." (Citations omitted).  Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 631

prohibiting the recording of conversations without the knowledge or consent of all parties to the conversation.

53.     California Penal Code § 631 prohibits anyone that (1) "by means of any machine, instrument, contrivance, or in any other manner" intentionally taps or makes any unauthorized connection with any "telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) who "reads, or attempts to read, or to learn the contents" of a communication "without the consent of all parties to the communication," or (3) who "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section."

54.     Plaintiff is informed and believes, and thereupon alleges, that Defendants employed and/or caused to be employed certain recording equipment on the communication lines, wires, and/or cables of all employees, officers, directors, and managers of Defendants.

55.     Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to record each and every inbound and outbound conversation over said lines, wires, and/or cables.

56.     Plaintiff is informed and believes, and thereupon alleges, that it is Defendants' practice to record all communications that occur on its website via the chat feature, use the recorded conversations, and allow, aid, and abet a third party to intercept and eavesdrop on the conversations.

57.     By using software to track, record, and attempt to learn the contents of Plaintiff's and members of the California Class's electronic communications, Defendants intentionally tapped the lines, wires, and/or cables of internet

communications of Plaintiff and members of the California Class, on the one hand, and Defendants on the other hand, as alleged herein.

58.     Defendants willfully and without consent, read or attempted to read or learn the contents or meaning of electronic communications of Plaintiff and members of the California Class, while the electronic communications were in transit or passing over a wire, line and/or cable or were being sent from or received at a place in California.

59.     Said recording equipment was used to record the conversations of Plaintiff and the members of the California Class, all in violation of California Penal Code § 631.

60.     At no time during which these conversations were taking place between Defendants or any employee, agent, manager, officer, or director of Defendants, and any other person, did Defendants inform Plaintiff or any other member of the California Class that the recording of their conversations were taking place and at no time did Plaintiff or any other member of the California Class consent to this activity.

61.     Defendants, knowing that this conduct was unlawful and a violation of Plaintiff's and the members of the California Class's right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiff's and the members of the California Class's privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned recording activities relative to the conversations between Plaintiff and members of the California Class, on the one hand, and Defendants on the other hand, as alleged herein.

62.     Based on the foregoing, Plaintiff and the members of the California Class are entitled to statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 631; and California Penal Code § 637.2.

63.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the California Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code

of Civil Procedure § 1021.5, or any other statutory basis.

## THIRD CAUSE OF ACTION

### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632

### (BY PLAINTIFF AND MEMBERS OF THE CALIFORNIA CLASS)

64.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65.     Californians have a constitutional right to privacy.  Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 631.  "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy." (Citations omitted).  Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of conversations without the knowledge or consent of all parties to the conversation.

66.     California Penal Code § 632 prohibits one party to a conversation from intentionally recording the conversation without the knowledge or consent of the other party.  Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the conversation was recorded.  The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally.  There is no requisite intent on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

67.     Plaintiff is informed and believes, and thereupon alleges, that Defendants employed and/or caused to be employed certain recording equipment on

the communication lines, wires, and/or cables of all employees, officers, directors, and managers of Defendants.

68.     Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to record each and every inbound and outbound conversation over said lines, wires, and/or cables.

69.     Said recording equipment was used to record the conversations of Plaintiff and the members of the California Class, all in violation of California Penal Code § 632.6(a).

70.     At no time during which these conversations were taking place between Defendants or any employee, agent, manager, officer, or director of Defendants, and any other person, did Defendants inform Plaintiff or any other member of the California Class that the recording of their conversations were taking place and at no time did Plaintiff or any other member of the California Class consent to this activity.

71.     Defendants, knowing that this conduct was unlawful and a violation of Plaintiff's and the members of the California Class's right to privacy and a violation of California Penal Code § 630, *et seq*., did intrude on Plaintiff's and the members of the California Class's privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned recording activities relative to the conversations between Plaintiff and members of the California Class, on the one hand, and Defendants on the other hand, as alleged herein.

72.     Based on the foregoing, Plaintiff and the members of the California Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

73.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the California Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**

**CALIFORNIA BUSINESS & PROFESSIONAL CODE §§ 17200, *ET SEQ.* ("UCL")**

**(BY PLAINTIFF AND MEMBERS OF THE CALIFORNIA CLASS)**

74.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as stated herein.

75.     Defendants, Plaintiff, and members of the California Class are "persons" as defined by the UCL. Cal. Bus. & Prof. Code § 17201.

76.     Defendants are subject to the UCL. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …." The UCL also provides for injunctive relief and restitution for violations.

77.     "By proscribing any unlawful business practice, § 17200 borrows violations of other laws and treats them as unlawful practices that the UCL makes independently actionable." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) (citations and internal quotation marks omitted).

78.     Virtually any law or regulation—federal or state, statutory, or common law—can serve as a predicate for a UCL "unlawful" violation. *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1383 (2012).

79.     Defendants have violated and is violated the UCL's "unlawful prong" as a as a result of its violations of California Penal Code §§ 631 and 632. The California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent, and specific protections of the Privacy Act, including specifically, Penal Code § 632.   "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy." (Citations omitted).

80. Defendants t caused to be employed certain recording equipment on the communication lines, wires, and/or cables of all employees, officers, directors, and managers of Defendants as described above. Plaintiff alleges that this is unlawful conduct.

81. As a direct and proximate result of Defendants' acts, consumers have been and are being harmed—their right to privacy is being infringed.

82. Pursuant to California Business & Professions Code § 17203, Plaintiff and members of the California Class seek injunctive relief in the form of an Order requiring Defendants to cease the acts of unfair competition alleged herein.

83. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the California Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

### FIRST CAUSE OF ACTION FOR VIOLATION OF THE FEDERAL WIRETAP ACT, 18 U.S.C. §§ 2510, *et. seq.*

Wherefore, Plaintiff respectfully request the Court grant Plaintiff and members of the Classes the following relief against Defendant:

84. That this action be certified as a class action on behalf of the Nationwide Class and Plaintiff be appointed as the representative of the Nationwide Class;

85. For the greater of statutory damages of $10,000 or $100 per day for each violation of 18 U.S.C. § 2510, *et seq.*, pursuant to 18 U.S.C. § 2520(b)(2) and 18 U.S.C. § 2520(c)(2)(B);

86. Injunctive relief in the form of an order requiring Defendants to disgorge all ill-gotten gains and awarding Plaintiff and the Nationwide Class full restitution of all monies wrongfully acquired by Defendants by means of such unfair and unlawful conduct;

87.    That the Court preliminarily and permanently enjoin Defendants from recording each and every oncoming and outgoing conversations via the chat feature on Defendant's website with United States residents, including Plaintiff and the Nationwide Class, without their prior consent and to maintain the confidentiality of the information of Plaintiff and the Nationwide Class;

88.    For punitive damages, pursuant to 18 U.S.C. § 2520(b)(2);

89.    For attorney's fees and costs, pursuant to 18 U.S.C. § 2520(b)(3);

90.    For prejudgment interest at the legal rate; and

91.    For such further relief as this Court deems necessary, just, and proper.

**SECOND AND THIRD CAUSES OF ACTION FOR**

**VIOLATIONS OF CALIFORNIA PENAL CODE §§ 631 AND 632**

Wherefore, Plaintiff respectfully request the Court grant Plaintiff and members of the Class the following relief against Defendants:

92.    That this action be certified as a class action on behalf of the California Class and Plaintiff be appointed as the representative of the California Class;

93.    For the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of the California Class;

94.    Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and the California Class full restitution of all monies wrongfully acquired by Defendants by means of such unfair and unlawful conduct;

95.    That the Court preliminarily and permanently enjoin Defendants from recording each and every incoming and outgoing conversations via the chat feature on Defendants' website with California residents, including Plaintiff and the California Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and the California Class;

96.     For exemplary or treble damages;

97.     For attorney's fees and costs, pursuant to Cal. Code of Civ. Proc. § 1021.5;

98.     For prejudgment interest at the legal rate; and

99.     For such further relief as this Court deems necessary, just, and proper.

## FOURTH CAUSE OF ACTION FOR VIOLATIONS OF
## CALIFORNIA BUSINESS & PROFESSIONAL CODE §§ 17200, *et seq.*

Wherefore, Plaintiff respectfully request the Court grant Plaintiff and members of the Class the following relief against Defendants:

100.    That the Court preliminarily and permanently enjoin Defendants from recording each and every incoming and outgoing conversations via the chat feature on Defendants' website with California residents, including Plaintiff and the California Class, without their prior consent, as required by California Penal Code § 630, et seq., and to maintain the confidentiality of the information of Plaintiff and the Class;

101.    For attorney's fees and costs, pursuant to Cal. Code of Civ. Proc. § 1021.5;

102.    For prejudgment interest at the legal rate; and

103.    For such further relief as this Court deems necessary, just, and proper.

## **Trial By Jury**

104.    Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 20, 2023        **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

BY: _____
TODD M. FRIEDMAN, ESQ.
ATTORNEYS FOR PLAINTIFF